IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| LISA WILSON | * | |
| For BAWP (Minor) | | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Case No. 24-cv-1020-PX |
| | | |
| PRINCE GEORGE'S COUNTY | * | |
| PUBLIC SCHOOLS | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS' MOTION TO DISMISS FOR LACK OF BOTH PROPER COUNSEL AND PERSONAL JURISDICTION

The Defendant Prince George's County Public Schools ("PGCPS"), by its undersigned attorneys, enters its limited appearance in order to move for the dismissal of the Complaint as against it for both lack of proper counsel and lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12 (b)(2), and for reasons states the following:

1. The Complaint (ECF No. 1) was filed, *pro se*, by Lisa Wilson on April 8, 2024, ostensibly on behalf of BAWP.[1] Nowhere in the Complaint is the nature of the relationship between Lisa Wilson suggested, but two things are clear: (1) Lisa Wilson is not a member of the bar of this Court, nor is she an attorney and (2) she is bringing this action on behalf of an individual other than herself.[2]

---

[1] There is no indication in the record that Lisa Wilson followed proper procedures in order to allow BAWP, whoever they may be, to proceed anonymously.

[2] The Statement of the Claim (ECF No. 1 at 17 of 19) is unclear as to whether it was Lisa Wilson or BAWP who suffered the wrongs alleged, but the fact that Lisa Wilson is bringing the action on behalf of BAWP appears to suggest that it was BAWP whose rights were allegedly violated. There is certainly no indication that this case is brought by Lisa Wilson to vindicate her own rights or to seek damages on her own behalf. However, this Court's Local Rules would require that the Complaint identify clearly which of the plaintiffs is bringing the action against which of the defendants. Local Rule 103.1(c) (requires that "[a]ny pleading that states a claim for relief shall set forth each count separately and provide a clear statement of the supporting facts for each count.")

2. Local Rule 101 states, in pertinent part, "Individuals who are parties in civil cases may only represent themselves." The Complaint was filed by Lisa Wilson on behalf of BAWP in clear derogation of the Rule and, for that reason alone, should be dismissed unless and until BAWP obtains counsel to represent her in conformity with the Rule.

As Judge Hurson recently had occasion to opine:

> This motion was filed while Plaintiff [] was proceeding *pro se* on behalf of herself and K.F. Federal courts uniformly do not allow *pro se* litigants to represent others, including parents, guardians or next friends seeking to appear *pro se* on behalf of a minor child or incompetent person. *See Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Devine v. Indian River Sch. Bd.*, 121 F. 3d 576, 581-82 (11th Cir. 1997), *overruled on other grounds by Winkelman*, 550 U.S. 516 (2007); *Johns v. San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).

*Fisher v. PGCPS Board of Education,* Case No. 23-1693-BAH (D. Md. 3/6/24) at 3 of 5.

3. PGCPS is the only defendant named in the caption to the Complaint despite the fact that the form used by Lisa Wilson directs that she "*Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above. Please write 'see attached' in the space and attach an additional page with the full list of names.*" ECF No. 1 at 1 of 19 (emphasis in original).

4. Conversely, PGCPS is not listed in that section of the form used by Lisa Wilson that directs that she "[p]rovide the information below for each defendant named in the complaint…." *Id.* at 1-4 of 19. As a result, no summons has issued against PGCPS, nor has it otherwise been served with the Complaint. Thus, this Court lacks personal jurisdiction over PGCPS.

5. Moreover, PGCPS does not exist as a separate entity for the purpose of suing or being sued. Annotated Code of Maryland, *Education Article*, §3-104; *James v. Frederick County Public Schools,* 441 F. Supp. 2d 755, 758 (D. Md. 2006)(school district does not exist as a separate entity for purposes of suit, but a county board of education may be sued.)

6. While *pro se* litigants are generally afforded a more liberal construction of the rules of Court than parties represented by counsel, the deviations here are so pervasive and substantial that they cannot be cured by anything short of the near total suspension of the federal and local rules of procedure. *See, Plumhoff v. Central Mortgage Co.,* 699, 702 (D. Md. 2017).

WHEREFORE, this case should be dismissed, with prejudice, as against the Prince George's County Public Schools.

Respectfully submitted,

Jeffrey A. Krew, LLC,
by:

*Jeffrey Krew*
Jeffrey A. Krew
Trial Bar #08856
9713 Rugby Court, Suite 100
Ellicott City, Maryland 21042
Phone: 410-733-6900
Email: jkrew@krewlaw.com

Attorney for the Prince George's County Public Schools

## CERITIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2024, a copy of the aforegoing PGCPS Motion to Dismiss was served on all counsel of record via the Court's CM/ECF electronic filing system.

*Jeffrey Krew*
Jeffrey A. Krew