IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA WILSON FOR B.A.W.P. ) <br> 6705 Chapel Dale Road ) <br> Bowie, Maryland 20720 ) <br> Plaintiff, ) <br> v. ) <br> Prince George's County Public Schools, et al. ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 8:24-CV-01020-PX |

## PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff hereby pleads with this Court to appoint counsel for the disabled minor under 28 U.S. Code § 1915 – Proceedings in forma pauperis. On April 17, 2024, the Court granted the motion for Leave to Proceed in forma pauperis based on the lack of income for the minor child. The Court can appoint counsel *pro bono,* pursuant to U.S.C. § 1915 (e)(1). Specifically, Section 1915 (e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." Notwithstanding, the Plaintiff acknowledges the provision is discretionary as there is no absolute constitutional right to a free lawyer in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The extraordinary and willful failures of the Defendants resulting in substantial educational harm is the substance of this pleading. The statutory regulations governing special education are unique and complex. Comprehensive litigation is required to execute the complaint for the minor child who has not received the full benefit of the federal entitlements under the Americans with Disabilities Act and the 1973 Rehabilitation Act.

In this instance, the minor child is indigent and unable to afford private counsel. The minor child is ten years old and resides with his biological mother. The minor receives a nominal amount of child support bi-weekly, partially covering living, clothing, and medical expenses. The minor child is currently the subject of an impending settlement resulting from an automobile accident on April 8, 2022, because the Defendants failed to provide timely speech services per the speech evaluation recommendations as part of an Individual Educational Evaluation (§300.502). The minor child is scheduled to receive approximately $3500 after attorney costs and fees in settlement proceeds, which falls below the standard $5000 retainer. Unless the court directs otherwise, the parent will dedicate the settlement proceeds to the minor child's orthodontic treatment. It is undisputed that the minor child is without legal income and earning capacity. The child, who is stricken with catastrophic disabilities, is one of the 8 million students served under the Individuals with Disabilities Education Act in U.S. schools.

In order for the minor child to qualify for an appointment of counsel, the requesting party "must demonstrate that he is indigent and that exceptional circumstances [are] present such that a denial of counsel [would be] likely to result in fundamental unfairness impinging on [his] due process rights." The minor child was retained at the parent's request in 2022, but he continues to read two grade levels below with minimal to no comprehension. The minor child remains two grade levels below in mathematics. The minor child is not proficient in the English language due to brain-based disabilities. The Office of Civil Rights took nearly 16 months to accept partial discrimination and retaliation claims. The awarded compensatory services were stalled by the Defendants, namely, by the Associate Superintendent for Special Education. Given the totality of the circumstances and the ongoing substantial educational harm, Plaintiff believes exceptional circumstances are present. The Fourteenth Amendment's Due Process Clause guarantees

procedural due process, meaning that government actors must follow specific procedures before they may deprive a person of a protected life, liberty, or property interest. Substantive due process is based on the premise that the Constitution protects the public from unwarranted government intrusion infringing upon their fundamental rights. The Due Process Clause and Equal Protection work together to uphold civil rights and ensure fair and equal treatment under the law. The Fourteenth Amendment protects individual rights in public education. The United States Supreme Court's interpretation of the Equal Protection Clause, the Due Process Clause, and the incorporation of other rights to the states through the Fourteenth Amendment reinforces the protection of individual rights. The right to education is legally guaranteed for all without discrimination. States must protect, respect, and fulfill the right to education. The *Brown v. Board of Education* decision in 1954, has been interpreted to give the federal government the power to intervene in cases of legally sanctioned discrimination, like the segregation of public schools across the country; to mandate equal access to education for students with disabilities. The deprivation of equal access suffered by the minor child is extraordinary and exceptional.

Seasoned legal counsel will assist the minor child in gathering and analyzing evidence as the instant case results from multi-year institutional and systemic failures. The minor child is clinically diagnosed with vision impairment, autism, complex ADHD, anxiety, dyslexia, dysgraphia, dyscalculia, speech impairment, and motor coordination disorder. The Defendants have engaged in a pattern and practice of denying fundamental rights and protections to students with disabilities as mandated by the Individuals with Disabilities Education Act, Title II of the Americans with Disabilities Act, and Section 504 of the 1973 Rehabilitation Act. This is evidenced by the frequency with which Administrative State Complaints are filed with the Maryland State Department of Education (MSDE) and the U.S. Department of Education, Office

of Civil Rights. It is noted that Prince George's County Public Schools habitually is the subject of the most administrative complaints in Maryland, which denotes an institutional posture antithetical to federal law. The parent successfully filed Administrative Complaints, resulting in substantiated claims revealing the denial of a Free and Appropriate Public Education (FAPE) in 2022 and 2023, respectively. The compensatory services were stalled as the Associate Superintendent of Special Education failed to endorse the identified providers as agreed, thus failing to make the minor child whole according to the Letter of Findings issued by MSDE. On April 5, 2024, the U.S. Department of Education, Office of Civil Rights, partially accepted a disability discrimination and retaliation claim filed on behalf of a minor child in January 2023. Considering this, Prince George's County Public Schools continues to intentionally deprive the minor child of FAPE and other federal entitlements. Public records reveal that the school district employs multiple skilled attorneys and maintains lucrative contracts with high-profile attorneys to defend employees who willfully, knowingly, and intentionally violate the Americans with Disability Act and Rehabilitation Act. The appointment of counsel will provide the minor child with access to qualified legal representation.

In 2017, the United States Supreme Court unanimously held in *Endrew F. v. Douglas County School District* that Individualized Education Programs (IEPs) must give kids with disabilities more than a de minimis, or minimal, educational benefit. The school district's budget exceeds $3 Billion, which is comprised of state and federal funding; however, IEPs continually fall beneath the "reasonably calculated" standard. In 2023, the United States Supreme Court again unanimously held in *Perez v. Sturgis Public Schools* that an Americans with Disabilities Act lawsuit seeking compensatory damages for the denial of FAPE may proceed without exhausting the administrative processes of the Individuals with Disabilities Education Act

because the remedy sought is not one IDEA provides. Special education law is highly nuanced, and competent legal counsel is required for the claims to be legally and factually presented to the court on behalf of the minor child.

At the end of the school year, the Plaintiff was found eligible for Extended School Year, also known as summer school, based on reading and math deficiencies. The parent conducted a scheduled observation on or about July 22, 2024, and found the Plaintiff without the accommodations and related services as outlined in the approved Individual Educational Plan (IEP). From July 8, 2024, to July 22, 2024, the Plaintiff was denied access to the curriculum via the assigned assistive technology device and denied the legally approved Direct Support Aide. The Plaintiff was forced to complete all written assignments with a pencil from July 8, 2024, to July 22, 2024. The Plaintiff is clinically diagnosed with vision impairments, dyslexia, dysgraphia, dyscalculia, autism, ADHD, and several other disorders. The accommodations are well-stated in the IEP, yet the Defendants continue to willfully, knowingly, and intentionally deprive the Plaintiff of a Free and Appropriate Public Education. Public entities violate Title II when they fail to provide qualified individuals with disabilities an equal opportunity to participate in or benefit from their services, programs, or activities. 25 C.F.R. § 35.130(b)(i)-(iii). Here, after filing a Motion to Dismiss on July 9, 2024, the Defendants continue to ignore federal law that Congress intended to protect disabled students. Extended School Year continues the educational program and does not pause the legal accommodations or legally binding IEP. The Plaintiff is currently two grade levels below in reading and math. The Plaintiff has previously been retained. Without the benefit of counsel, the educational harm will continue to manifest in perpetuity.

This demonstrates the necessity for legal intervention by the Court. The Plaintiff requests that the Court consider the plight of the 12,000 students who are legally entitled to special education services in Prince Georges County, Maryland. In this instance, the Plaintiff asks the Court to grant this motion and appoint skilled legal counsel to ensure the applicable federal regulations are presented and argued appropriately.

For Plaintiff Lisa Wilson for B.A.W.P.

*[signature]* for B.A.W.P

Lisa Wilson for B.A.W.P.
6705 Chapel Dale Road
Bowie, Maryland 20720
Tel. 219.293.9798

## CERTIFICATE OF SERVICE

I hereby certify that on this 7 th day of July 2024, a copy of the aforegoing Plaintiff's Motion to Appoint Counsel was served on the counsel of record via the Court's CM/ECF electronic filing system.

*[signature]* FOR B.A.W.P

For Plaintiff Lisa Wilson for B.A.W.P.
6705 Chapel Dale Road
Bowie, Maryland 20720
Phone: 219.293.97.98
zanderblake.2014@gmail.com