IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| LISA WILSON<br>For BAWP (Minor) | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 24-cv-1020-PX |
| PRINCE GEORGE'S COUNTY<br>PUBLIC SCHOOLS | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSOLIDATED REPLY TO OPPOSITION TO PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS' (ECF NO. 11); MILLARD HOUSE, II'S (ECF NO. 12) AND MATTHEW SPENCER, SEDIA BIAS, CYNTHIA FARMER, ALASIA PHILLIPS, JAMEELAH MALIK AND KEITH MARSTON'S (ECF NO. 13) MOTIONS TO DISMISS**

The Defendants Prince George's County Public Schools ("PGCPS") Millard House, II ("House"), Matthew Spencer ("Spencer"), Sedia Bias ("Bias"), Cynthia Farmer ("Farmer"), Alasja Phillips ("Phillips"), Jameelah Malik ("Malik") and Keith Marston ("Marston"), by their undersigned attorneys, reply to the Plaintiff's opposition to their respective motions to dismiss as follows:

I.  **Introduction:**

On April 8, 2024, Lisa Wilson ("Wilson"), a non-lawyer, filed a complaint in this Court ostensibly on behalf of "BAWP." (ECF No. 1).[1]

On July 8, 2024, the Defendants PGCPS (ECF No.11); House (ECF No. 12) and Spencer, Bias, Farmer, Phillips, Malik and Marston (ECF No. 13) filed their respective motions to dismiss. Each moved to dismiss based upon Wilson's unquestionable violation of Local Rule 101 ("Individuals who are parties in civil cases may only represent themselves."). PGCPS's motion

---

[1] The complaint fails to identify "BAWP" or the relationship, if any, that exists between "BAWP" and Wilson.

raised the additional arguments that it is not, by law, an entity subject to being sued; that it is not mentioned in the complaint except in the caption and that the Court lacks personal jurisdiction over it as it has never been served with a summons. Both House's motion and Spencer, Bias, Farmer, Phillips, Malik and Marston's motion, in addition to raising the issue of Wilson's representation of BAWP, argued that they are not named as defendants in the complaint, that the complaint fails to state a claim against them under Fed. R. Civ. P. 12(b)(6) and that the complaint fails to state the basis of this Court's jurisdiction over them.

On August 7, 2024, Wilson filed three papers (ECF Nos. 15, 16 and 17) ostensibly challenging these motions.[2]

## II. ARGUMENT:

**A. Wilson acts in derogation of Local Rule 101 in her purported representation of BAWP, and the case should be dismissed.**

Wilson's apparent response to the issue of her representation of BAWP is found in her Motion to Appoint Counsel (ECF No. 15). Notably, nowhere in that filing does she attempt to defend her representation as lawful. Instead, she serves up a virtual smorgasbord of irrelevant facts[3], inapposite law and unsubstantiated attacks against PGCPS, which, as demonstrated, is not a proper plaintiff in this case (ECF No. 11 at 2), all in an effort to play upon the Court's sympathy in order to have it appoint an attorney for BAWP. She provides no justification for the Court to even consider taking such action. As she notes, there are "12,000 students who are entitled to special education services in Prince George's County, Maryland" ECF No. 15 at 6. She provides no basis for the Court to distinguish her situation from that of the parents of any of other 12,000 students, many of whom would like nothing more than to leverage more services through the initiation of vexatious litigation, if only they had a free lawyer. Nor does she cite to

---

[2] ECF Nos. 16 and 17 are identical in all respects except the caption.
[3] None of Wilson's factual allegations are supported by affidavit.

2

any case in which a court appointed counsel to an IDEA-eligible student in order to pursue civil litigation against a public school system.

The request to appoint counsel should properly be denied, and the case should be dismissed.

**B. PGCPS is not an entity subject to suit, the Court lacks personal jurisdiction over it, and the case should be dismissed.**

Nowhere in her three August 7 filings does Wilson attempt to refute the established legal proposition that PGCPS is not an entity subject to suit. For reasons stated in PGCPS motion (ECF No. 11 at 2), it should be dismissed from this case on that basis alone. Nor does she attempt to refute the indisputable fact that no summons issued against or was served on PGCPS, and the Court, therefore, lacks personal jurisdiction over it, and the case should be dismissed.

**C. House, Spencer, Bias, Farmer, Phillips, Malik and Marston are not named as defendants, and the case should be dismissed.**

Both House's and Spencer, Bias, Farmer, Phillips, Malik and Marston's motions argued that PGCPS is the only defendant named in the caption to the Complaint despite the fact that the form used by Wilson directs that she "*Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above. Please write 'see attached' in the space and attach an additional page with the full list of names.*" ECF Nos. 12 and 13 at 2, *citing*, ECF No. 1 at 1 of 19 (emphasis in original). Wilson does not attempt to defend her actions. Rather, she calls this a "technical error," which she asks the Court to allow her to correct by filing an amended complaint. ECF Nos. 16 and 17 at 4. In support, she proffers confusing and irrelevant factual allegations, which exemplify the reasoning behind this Court's rule prohibiting a non-lawyer from representing anyone other than themself. *Id.* at 4-6. Where the errors committed by an individual who has no business representing another person before this Court

are so pervasive and substantive, leave to amend is patently inappropriate, and the case should be dismissed.

> **D. The complaint fails to state the basis of this Court's jurisdiction over House, Spencer, Bias, Farmer, Phillips, Malik and Marston, and the case should be dismissed.**

Houses' motion argued that while Wilson checked the box in Section II of the Complaint form for federal question jurisdiction and filled in the box at Subsection II.A (requesting the specific provisions of law that are at issue (ECF No. 1 at 6 of 19)) with four vaguely stated provisions of federal law, she also filled in Subsection II.B, which is *only* to be completed "[i]f the basis for Jurisdiction is Diversity of Citizenship." *Id.*

Spencer, Bias, Farmer, Phillips, Malik and Marston's motion argued that Wilson:

> neglected to check the box at Section II of the Complaint form (that requests that the plaintiff state the basis of jurisdiction) for either federal question or diversity of citizenship jurisdiction for each of the Defendants as follows: Spencer (ECF No. 1 at 9 of 19), Bias (*id.* at 10 of 19), Farmer (*id.* at 12 of 19), Phillips (*id.* at 15 of 19), Malik (*id.* at 16 of 19) and Marston (*id.* at 5 of 19). Moreover, for each of the aforesaid individuals, she left blank the space, at Section II. A, designated for the Plaintiff to identify, in the case of federal question jurisdiction, "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." On the other hand, she filled in Section II.B (to be completed by a plaintiff invoking diversity jurisdiction) for each of the aforesaid defendants stating that each is a resident of Maryland, the same as the Plaintiff (ECF No. 1 at 1 of 19), thus defeating diversity jurisdiction.

ECF No. 13 at 3. One searches in vain through the irrelevant verbiage of Wilson's papers for a response to the issue of jurisdiction, The Complaint should be dismissed.

> **E. The complaint fails to state a claim upon which relief can be granted, and the case should be dismissed.**

House, Spencer, Bias, Farmer, Phillips, Malik and Marston's argument that the case should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (ECF Nos. 12 and 13 at 3-4) was met with a list of factual averments that Wilson apparently wishes she had made against PGCPS. ECF Nos.16 and 17 at 11-13. The problem with that approach is that these allegations do not appear in the complaint, *and they are against*

4

*PGCPS, not House, Spencer, Bias, Farmer, Phillips, Malik and Marston, the movants on that argument.* The complaint should be dismissed.

WHEREFORE, this case should be dismissed, with prejudice.

Respectfully submitted,

Jeffrey A. Krew, LLC,
by:

*/s/ Jeffrey Krew*
Jeffrey A. Krew
Trial Bar #08856
9713 Rugby Court, Suite 100
Ellicott City, Maryland 21042
Phone: 410-733-6900
Email: jkrew@krewlaw.com

Attorney for PGCPS, House, Spencer, Bias, Farmer, Phillips, Malik and Marston

## CERITIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2024, a copy of the aforegoing reply memorandum was served on all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ Jeffrey Krew*
Jeffrey A. Krew