IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LISA WILSON FOR B.A.W.P. ) | Civil Action No.: 8:24-CV-01020-PX |
| 6705 Chapel Dale Road ) | |
| Bowie, Maryland 20720 ) | |
|     Plaintiff, ) | |
|     v. ) | |
| Prince George's County Public Schools, et al. ) | |
|     Defendants. ) | |
|           ) | |

## **PLAINTIFFS' MOTION TO APPOINT COUNSEL OR GUARDIAN AD LITEM, AN ADDENDUM TO THE MOTION TO APPOINT COUNSEL and MOTION FOR REQUEST FOR AN EMERGENCY HEARING**

Lisa Wilson for B.A.W.P. is pleading with the Court to consider the minor without representation, pursuant to the Federal Rules of Civil Procedure, Rule 17. Plaintiff and Defendant; Capacity; Public Officers. Subsection b (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Fry v. Napoleon Community Schools is interpreted as the following:

1. Exhaustion is not necessary when the gravamen (legalese for substance) of the plaintiff's suit, is something other than a denial of the IDEA's core guarantee of a "free appropriate public education.

2. An eligible child acquires a substantive right to a free appropriate public education once a state accepts IDEA's financial assistance.

3. The IDEA is not the only federal statute protecting the rights of students with disabilities. Title II of the ADA and Section 504 of the Rehabilitation Act are of relevance.

1

4. Under title II of the ADA, public entities are required to make reasonable modifications to their policies, practices, or procedures when necessary to avoid such discrimination. The courts have also interpreted Section 504 of the Rehabilitation Act as requiring reasonable modification to existing practices to accommodate persons with disabilities.

5. A school's conduct toward a child with a disability might injure that child in ways unrelated to his/her free appropriate public education, which would be addressed by statutes other than the IDEA.

6. The key is the substance of the federal complaint and not any "magical words."

7. IDEA protects only children and adolescents with respect to their schooling. On the other hand, title II of the ADA and Section 504 of the Rehabilitation Act cover people with disabilities of all ages both inside and outside schools.

8. IDEA guarantees individually tailored educational services, while title II and Section 504 promise nondiscriminatory access to public institutions. It is possible that the same conduct could violate all three statutes. The statutory differences are sufficient so that a complaint brought under title II and Section 504 might seek relief for discrimination independent of the IDEA free appropriate public education obligation.

9. The plaintiff's complaint is focused on equal access, and nothing in the complaint suggests any implicit focus on the adequacy of the plaintiff's free appropriate public education.

10. The plaintiff, through Lisa Wilson, has repeatedly notified the school district that it is out of compliance with the ADA, but the district has failed to address the noncompliance. The Tenth Circuit unanimously adopted the repeated violations doctrine.

11. A public entity commits a new violation, and the qualified person with the disability experiences a new injury EACH day when the public entity fails to act.

12. The doctrine of repeated violations and the doctrine of continuing violations are not the same. The continuing violations doctrine takes a bunch of different occurrences and combines them

into one. The repeated violation doctrine takes each occurrence as a separate matter with a separate statute of limitations attached.

13. A qualified individual with a disability is excluded from participation in, denied the benefits of, and subjected to discrimination under the public entity's service, program, or activity the day that person is deterred from utilizing them due to its noncompliance. The statute of limitations bars recovery only for those injuries incurred outside of the limitation period immediately preceding the day of the suit. In this instance, the school district is entrenched in noncompliance and violations of Title II of the ADA and Section 504 of the Rehabilitation Act. The minor is currently experiencing discrimination under either law and suffering an injury each day he cannot utilize a noncompliant service, program, or activity even when barriers giving rise to the claim are ones encountered before.

14. In this instance, an Emergency Hearing is warranted because the school district announced its refusal to engage in discussions, IEP meetings, and emails with Lisa Wilson for B.A.W.P. due to pending litigation. This decision is catastrophic and violative. It represents a chilling effect that is illegal and suppressive. Pending litigation does not FREEZE or PARALYZE the Constitutional rights of B.A.W.P. Further, pending litigation does not FREEZE or PARALYZE the rights extended by IDEA, Title II of the ADA, or Section 504 of the Rehabilitation Act.

15. On or about June 13, 2024, the school district entered into a written agreement, by way of the Individualized Education Plan (IEP), for numerous accommodations and a Behavioral Assessment. The school district has failed to initiate the behavioral assessment despite being aware of the social and emotional difficulties that B.A.W.P. is grappling with.

16. The school district provided written notification of the absence of a Certified Special Education Practitioner being on staff at High Bridge Elementary. The oversight responsibilities have been delegated to the Assistant Principal, Natasha Harris. The Assistant Principal can't fulfill the legally required service hours for each student with an IEP at High

Bridge. This vacancy is concerning. An Emergency Hearing is warranted for the plaintiff to obtain injunctive relief ordering the school district to hold however many IEP meetings are necessary to gain compliance with federal law. Moreover, the school district must order a full-time certified Special Education Practitioner to be installed immediately at High Bridge Elementary School, under Part B, Subpart B Section 300.156. Correspondence Attached.

*[signature]*

Lisa Wilson for B.A.W.P, Plaintiff

6705 Chapel Dale Road

Bowie, MD 20720

## Certificate of Service

I hereby certify that on this 4th day of October 2024, a copy of the foregoing PLAINTIFFS' MOTION TO APPOINT COUNSEL OR GUARDIAN AD LITEM, AN ADDENDUM TO THE MOTION TO APPOINT COUNSEL and MOTION FOR REQUEST FOR AN EMERGENCY HEARING was served on counsel of record via the Court's CM/ECF electronic filing system.

*[signature]*

Lisa Wilson for B.A.W.P., Plaintiff

**PGCPS**

**HIGH BRIDGE ELEMENTARY SCHOOL**

Mr. Prentice Christian, Acting Principal | pa.christian@pgcps.org
7011 High Bridge Road | Bowie, MD 20720 | 301-805-2690 | www.pgcps.org/highbridge

September 3, 2024

Dear Parents and Guardians,

I hope this letter finds you well. I am writing to inform you about an important update regarding your child's special education program at High Bridge Elementary School.

We recently experienced a vacancy in our special education department. We are currently in the process of finding qualified and passionate replacements who will continue to provide the high level of support and instruction that our students deserve.

In the interim, we have arranged for our Paraprofessional and Itinerant Special Education Assistants to maintain progress monitoring and training to follow the county's curriculum ( comparable accommodations) to oversee the classroom and ensure that your child's learning continues without disruption. We are committed to maintaining a stable and supportive learning environment for all our students and will work closely with the temporary staff to make sure your child's needs are met.

Please rest assured that we are actively seeking special education teachers who align with our school's values and commitment to excellence. We understand the importance of this role and are conducting a thorough search to find the best candidate for our students.

We will keep you informed of any further developments, including when a special education teacher is appointed. In the meantime, if you have any concerns or questions, please feel free to reach out to Principal Christian at (301)805-2690 or pa.christian@pgcps.org]. Your child's education is our top priority, and we appreciate your support and understanding during this transition.

Thank you for your continued partnership in your child's education.

Sincerely,

Mr. Prentice Christian
Principal

Prince George's County Public Schools | www.pgcps.org

Page 12 of Motion

4th

Blake

4th