IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA WILSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 24-cv-01020-PX |
| MILLARD HOUSE, II, *et al.*, | * | |
| Defendants. | * | |

***

**ORDER**

On November 27, 2024, the Court informed *pro se* Plaintiff, Lisa Wilson, that within 21 days, she must secure an attorney to pursue claims on behalf of her minor child. ECF No. 27. The Court also denied Wilson's motion for court-appointed counsel because Wilson failed to provide sufficient financial information on which the Court could make an indigency finding as to her. *Id.* Last, the Court forewarned Wilson that failure to secure counsel would result in dismissal of her Complaint. *Id.*

On December 13, 2024, Wilson asked for an additional 90-day period to secure counsel. ECF No. 29. As grounds, Wilson averred that local attorneys are reluctant to litigate against Prince George's County Public Schools. *Id.* The Court found Wilson's grounds for the motion dubious, but nonetheless granted her until January 17, 2025, to secure counsel. ECF No. 30.

It is now January 21, 2025, and no attorney has entered an appearance on behalf of the minor child. Instead, Wilson now asks the Court to "reconsider" its decision, ECF No. 28, but provides no justification for granting the request. The Court construes this motion as one filed pursuant to Federal Rule of Civil Procedure 59(e). *See Lehan v. Wilson*, 2023 WL 155245, at *2 (D. Md. Jan. 11, 2023).

Under Rule 59(e), the Court may reconsider any judgment to (1) accommodate an intervening change in controlling law; (2) account for new evidence not previously available; or

(3) correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), cert. denied, 538 U.S. 1012 (2003). Wilson's motion provides no grounds whatsoever, let alone grounds sufficient to warrant reconsideration under Rule 59(e). The motion is thus denied.

Wilson next moves for "clarification," in which she restates that her minor child is the sole plaintiff in this case; that she "is NOT a part of the instant civil action;" and that the Court should appoint pro bono counsel for her child. ECF No. 31. The Court's prior Order is plain. Because Wilson brought the case on behalf of her child, and because she, the parent, bears financial responsibility to pursue the litigation, then she must demonstrate *her inability* to afford counsel before the Court can entertain such an appointment. ECF No. 27. Wilson has declined all invitations to submit a financial affidavit on her own behalf so that the Court could assess whether pro bono appointment is warranted. The Court, given this circumstance, cannot appoint counsel in this case. Moreover, as explained before, Wilson cannot proceed pro se on behalf of her child. Nor can the minor child proceed on his own accord without counsel.

Accordingly, it is this 21st day of January 2025, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motions to Dismiss, ECF Nos. 11, 12, and 13 are GRANTED IN PART as to lack of counsel and are otherwise DENIED as MOOT;

2. The Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE;

3. Plaintiff's Motion to Amend Complaint, ECF No. 20, is DENIED as MOOT;

4. Plaintiff's Motion to file Sur-Reply, ECF No. 23, is DENIED as MOOT;

5. Plaintiff's Motion for Reconsideration, ECF No. 28, is DENIED;

6. Plaintiff's Motion for Clarification, ECF No. 31, is DENIED

7. The Clerk shall TRANSMIT copies of this Order to the Parties and MAIL a copy of this Order to Wilson; and

8. CLOSE this case.

1/21/2025
Date

/S/
Paula Xinis
United States District Judge